# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ZACHARY HARRELL,

    Plaintiff,

v.                                    Case No. 2:18-cv-00536 WJ/GF

JED ADAMS,
TOPOGRAPHIC LAND SURVEYORS
COMPANY, and STATE FARM
MUTUAL AUTOMOBILE INSURANCE CO.,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING PLAINTIFF'S MOTION TO REMAND

THIS MATTER comes before the Court upon Plaintiff's Motion to Remand to State Court, filed July 11, 2018 **(Doc. 7).** Having reviewed the parties' briefs and applicable law, the Court finds that Plaintiff's Motion is not well-taken and, therefore, is **DENIED**.

## BACKGROUND

This is a personal injury case arising out of an automobile collision. Plaintiff alleges that Defendant Jed Adams ran a stop sign, causing a collision at an intersection. Plaintiff alleges he suffered over $100,000 in medical expenses as a result of the crash. Defendant Adams is a land surveyor working in the Permian Basin, and was an employee of Defendant Topographic Land Surveyors Company.

On May 4, 2018, Plaintiff filed a complaint for negligence, negligence per se, *respondeat superior*, and punitive damages in the First Judicial District Court, Rio Arriba County, New Mexico. **Doc. 1.** Therein, he alleges that Defendant Adams is a New Mexico resident living and

working in Hobbs, New Mexico. He also alleges that Topographic Land Surveyors was a foreign corporation admitted to, and doing business in, New Mexico. He alleges the same for Defendant State Farm. **Doc. 1, p. 5-6.** It appears to be uncontested that Plaintiff is a citizen of New Mexico.

This case was removed to federal court on June 11, 2018, on the basis of diversity jurisdiction. The Notice of Removal asserts that Defendant Adams is a resident of Texas, that Defendant State Farm is incorporated in Illinois, and that Topographic is incorporated in Oklahoma. The Notice of Removal also notes that the complaint admits that Topographic and State Farm are foreign corporations.

Plaintiff contends that this case should be remanded back to state court, but the basis for remand is unclear. Plaintiff appears to argue that *personal jurisdiction* is proper in New Mexico, therefore this matter should be remanded back to state court. As noted below, that is not a proper basis for remand.

Plaintiff did not file a reply brief, and Defendants filed a notice of completion of briefing on August 20, 2018. Plaintiff did not object that briefing was complete and he did not seek an extension. Therefore, the Court assumes that Plaintiff does not intend to file a reply brief, and finds that the motion is ready for ruling.

## DISCUSSION

Defendantss removed this case to federal court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). To invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000." *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013). "Complete diversity is lacking when any of the plaintiffs has the same residency as even a single

defendant." *Id.; see also Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84, 126 S. Ct. 606, 609, 163 L. Ed. 2d 415 (2005) ("Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State."). "[T]he relevant time period for determining the existence of complete diversity is the time of the filing of the complaint." *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1239 (10th Cir. 2015).

A matter may be remanded back to state court if the federal court lacks subject matter jurisdiction (such as diversity jurisdiction). 28 U.S.C. § 1447(c). The removing defendant bears the burden of proving subject matter jurisdiction by a preponderance of the evidence. *See McPhail v. Deere & Co.,* 529 F.3d 947, 953 (10th Cir. 2008) ("[A]ccording to this and most other courts, the defendant is required to prove jurisdictional facts by a preponderance of the evidence."); *Karnes v. Boeing Co.,* 335 F.3d 1189, 1194 (10th Cir. 2003) ("[W]e emphasize that the burden is on [the defendant] to show jurisdiction by a preponderance of the evidence.").

I. **Plaintiff fails to provide a proper basis for remand**.

Plaintiff requests this matter be remanded back to state court, but does not assert any proper basis for doing so. Instead, he requests that the Court remand this case to New Mexico state court pursuant to 28 USC § 1447(c), because "personal jurisdiction is proper there." **Doc. 7, p. 6.** Plaintiff then proceeds to analyze why New Mexico's exercise of personal jurisdiction over Defendants is proper. Plaintiff appears to be mixing personal jurisdiction and diversity jurisdiction. Nowhere does Defendant specifically argue that the Court lacks diversity jurisdiction or subject matter jurisdiction. The fact that New Mexico has personal jurisdiction over the Defendants is not a basis to remand back to state courts. *See* § 1447(c) ("i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case

shall be remanded."). The Court concludes that Plaintiff's motion provides no basis to remand this matter to state court, and is therefore **DENIED.**

**II.** **Defendants established diversity jurisdiction**.

Defendants Adams and State Farm nevertheless filed a response with exhibits detailing why the Court has diversity jurisdiction over this matter. To the extent diversity jurisdiction is at issue, the Court concludes that diversity jurisdiction exists in this case, because there is complete diversity between Plaintiff and Defendants, and the amount in controversy is over $100,000 and uncontested. Moreover, no Defendant is a citizen of New Mexico. *See* 28 USC § 1441(b)(2).

For purpose of diversity jurisdiction, an individual's citizenship is determined by a person's domicile, which is the place where that person resides with intent to remain indefinitely. *Smith v. Cummings*, 445 F.3d 1254, 1260 (10th Cir. 2006) ("To establish domicile in a particular state, a person must be physically present in the state and intend to remain there. Once domicile is established, however, the person may depart without necessarily changing his domicile. To effect a change in domicile, two things are indispensable: First, residence in a new domicile, and second, the intention to remain there indefinitely.") (internal citation and quotation omitted); *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). A corporation is a citizen of any state in which it has been incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is "the place where a corporation's officers direct, control, and coordinate the corporation's activities," that is, the company's "nerve center." *Hertz Corp. v. Friend,* 130 S.Ct. 1181, 1187–90 (2010).

Here, Plaintiff appears to admit on the face of the complaint Defendant Topographic is a foreign corporation and not a citizen of New Mexico. This is supported by the Notice of Removal, which provides that Topographic is incorporated in Oklahoma. Moreover, the

affidavit of Laurie Hess provides that the principal place of business of Topographic is Fort Worth, Texas. **Doc. 10, p. 9.** Plaintiff does not present evidence to challenge these jurisdictional facts, or request a hearing or discovery.

It appears to be undisputed that from the complaint and Notice of Removal that State Farm is incorporated in Illinois, and not a citizen of New Mexico. However, Defendant State Farm failed to allege its principal place of business in the Notice of Removal, or provide any evidence on its principal place of business. A notice of removal that fails to specify the necessary facts to establish diversity jurisdiction is defective. *Hendrix v. New Amsterdam Casualty Co.*, 390 F.2d 299, 300 (10th Cir. 1968), *cited in McEntire v. Kmart Corp.*, 2010 WL 553443, at *9 (D.N.M. 2010) (Browning, J.). However, this defect is not fatal, and the Court grants Defendant State Farm leave to amend their Notice of Removal. *Id.* (permitting amendment of notice of removal to allege principal place of business of defendant). The Court doubts that State Farm has its principal place of business in New Mexico, but concludes that a complete record is necessary to establish jurisdiction.

Moreover, the citizenship of Defendant Adams appears to be at issue. Plaintiff pled that Defendant Adam is a resident of New Mexico, living and working in Hobbs, New Mexico. The Complaint does not plead his citizenship. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015) ("An individual's residence is not equivalent to his domicile and it is domicile that is relevant for determining citizenship."). The Notice of Removal provides he is a resident of Texas.

The unrebutted evidence shows that Defendant Adams is a citizen of Texas. He resides in Fort Worth, Texas, and he is temporarily staying in Seminole, Texas, while working in the Permian Basin. *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994)

(residence is *prima facie* evidence of domicile). He intends to stay in Texas indefinitely. His driver's license, voter registration, fishing license, and hunting license are all in Texas. This evidence establishes that he resides in Texas and intends to remain there indefinitely. **Doc. 10, p.7;** *see Middleton v. Stephenson*, 749 F.3d 1197, 1201 (10th Cir. 2014) (domicile is totality of circumstances analysis).

As his only evidence in contravention, Plaintiff attached a screenshot of Defendant Adams' online Linkedin profile, which under his name, states "Hobbs, New Mexico". Even if this online profile was appropriate to consider,[1] it does not tend to rebut any of the facts established in Defendant's affidavit, such as where he resides or where he intends to remain indefinitely. For example, the Linkedin profile does not establish that he *lives* in New Mexico, or that he intends to stay in New Mexico. Therefore, the Court finds that Defendant Adams resides in Texas and he intends to stay in Texas, establishing that he is a citizen of Texas.

## CONCLUSION

The Court finds that each Defendant is a citizen of a state other than New Mexico and there is complete diversity between the Plaintiff and each Defendant. Therefore, diversity jurisdiction exists in this matter. Plaintiff's Motion to Remand **(Doc. 7)** is therefore **DENIED** pursuant to § 1447(c). Additionally, Defendant State Farm shall amend their Notice of Removal, along with accompanying affidavits, within **thirty (30) days** to establish State Farm's principal place of business.[2]

**IT IS SO ORDERED.**

_____
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Defendant objected to this evidence as unauthenticated, and as hearsay.
[2] In the unlikely event that State Farm's principal place of business is in New Mexico, defeating diversity jurisdiction, Plaintiff may renew his Motion to Remand.